# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL A. BURKE, | : |
| Plaintiff, | : |
| v. | : NO. 3:08CV639 (MRK) |
| STATE OF CONNECTICUT JUDGE PATCHEN | : |
| Defendant. | : |

## RULING AND ORDER

Plaintiff, Michael Burke, has filed this lawsuit *pro se* and *in forma pauperis* against Connecticut State Judge Patchen under 42 U.S.C. § 1983. On April 28, 2008, Magistrate Judge William Garfinkel granted Mr. Burke's Motion for Leave to Proceed *in forma pauperis* [doc. # 2] but at the same time issued a Recommended Ruling that the case be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous, for failure to state a claim upon which relief may be granted, for lack of subject matter jurisdiction, and for seeking monetary relief against a defendant who is immune from such relief. Mr. Burke filed an objection to the Recommended Ruling of Dismissal [doc. # 6] on May 12, 2008. For the following reasons, the Court adopts the Recommended Ruling and *sua sponte* dismisses all claims against Judge Patchen.

## I.

Section 1915(a) of Title 28 of the United States Code authorizes courts to grant *in forma pauperis* status to litigants unable to pay the fees normally required to bring suit. However, the statute also protects against abuse of this privilege. Under 28 U.S.C. § 1915(e)(2)(B), the court

"shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Although "[a] document filed *pro se* is to be liberally construed," *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted), this mandate does not require courts to allow lawsuits subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B) to proceed.

## II.

Mr. Burke alleges that Judge Patchen "willfully and purposefully obstructed justice" and violated his constitutional rights by ruling against him in small claims court, by granting a motion to transfer in another case, and by granting a continuance to a defendant in yet another case. Complaint [doc. # 3] at 1, 3. Mr. Burke's claims fail on many grounds.

First, Mr. Burke fails to state a claim on which relief may be granted. *See* Fed. R. Civ. Pro. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Burke alleges that Judge Patchen violated 18 U.S.C. § 1503, which criminalizes threats or acts of violence against jurors and officers of the court. However, Mr. Burke makes no allegations as to how Judge Patchen violated the statute. Although plaintiff need not plead "specific facts," *Erickson*, 127 S. Ct. at 2200, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (citations omitted). Mr. Burke fails to do so here.

Moreover, even if Mr. Burke had adequately alleged a violation of 18 U.S.C. § 1503, this Court would lack subject matter jurisdiction over his claims. A violation of a federal statute does not automatically give rise to a civil rights claim under § 1983. This is because "in order to seek

redress through § 1983, . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal l*aw*." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). While basing a § 1983 claim on a criminal statute "does not necessarily preclude the implication of a private cause of action," *Cort v. Ash*, 422 U.S. 66, 79 (1975), "a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone" does not create a cause of action. *Id.* at 80; *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (refusing to find a cause of action under § 1983 on the basis of two criminal statutes); *Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003) ("[I]t is well-settled that criminal statutes will rarely survive § 1983 analysis."); *Korenyi v. Dep't of Sanitation*, 699 F. Supp. 388, 397 (E.D.N.Y. 1988) ("[F]ederal courts have generally refused to recognize private causes of action derived from criminal statutes.").

To determine whether there is a cause of action under § 1983, courts look at whether the statute "displays an intent to create not just a private right but also a private remedy." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Here, there is no evidence that Congress intended there to be a private cause of action under 18 U.S.C. § 1503. *See Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984) (holding that 18 U.S.C. § 1503 does not create a private cause of action under § 1983). Therefore, Mr. Burke's § 1983 claim, insofar as it is based on a violation of 18 U.S.C. § 1503, must fail.

Mr. Burke also claims that Judge Patchen violated 18 U.S.C. § 242 by "preventing plaintiff in [sic] free exercise of rights and privileges," Compl. [doc. # 3] at 3. As an initial matter, 18 U.S.C. § 242 is merely the criminal counterpart of 42 U.S.C. § 1983, *see Daniels v. Williams*, 474 U.S. 327 (1986), and does not create a separate cause of action under § 1983, *see Robinson*, 21 F.3d at 511. Therefore, Mr. Burke's allegation that Judge Patchen violated 18 U.S.C. § 242 does not, without

more, give rise to a cause of action under § 1983. More fundamentally, Mr. Burke does not allege facts that would give rise to a constitutional violation. Much as Mr. Burke may wish it, there is no constitutional right to have a judge rule in one's favor.

Finally, the Court dismisses the suit on the basis of absolute immunity. Judges enjoy absolute immunity from liability for acts that are judicial in nature. *See Pulliam v. Allen*, 466 U.S. 522, 545 (1984) ("Since 1869, this Court consistently has held that judges are absolutely immune from civil suits for damages."); *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Furthermore, federal district courts do not have subject matter jurisdiction pursuant to § 1983 to review the judgments of state courts except in the narrow circumstance of a writ of habeas corpus. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (holding that there is no subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)); *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). Finally, insofar as Mr. Burke is also suing the State of Connecticut, the suit must be dismissed on the grounds of sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332 (1979), and because state governments are not "persons" under § 1983, *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

## III.

For the foregoing reasons, Magistrate Judge William Garfinkel's Recommended Ruling of Dismissal [doc. # 2] is **ADOPTED** consistent with the reasons detailed above and the Plaintiff's

Objection to the Recommended Ruling [doc. # 6] is **DENIED**. All claims against Judge Patchen and the State of Connecticut are dismissed. Furthermore, Plaintiff's Motion to Appoint Counsel [doc. # 5], Motion for Default for Failure to Appear [doc. # 7], and Motion to Open Judgment of Default [doc. # 8] are **DENIED** as moot. **The Clerk is directed to close this file.**

IT IS SO ORDERED.

/s/ Mark R. Kravitz
Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: July 15, 2008.**